## GRAVES v. COWAN.

1. **SALE:** *Delivery, what sufficient*: *Replevin.*

   Cowan made a crop on shares with Graves. Before it was gathered he sold his interest in it to Long for 900 lbs. of seed cotton to be delivered by Long at a certain gin in the neighborhood. Graves afterwards assumed Long's obligation to deliver the cotton for Cowan and did deliver 1100 lbs. to the gin, 200 lbs. of which he sold to the ginner, leaving 900 lbs. in a stall for Cowan. HELD : that the sale and delivery were complete and Cowan could maintain replevin for the cotton.

APPEAL from *Johnson* Circuit Court.

Hon. G. S. CUNNINGHAM Circuit Judge.

*Geo. L. Basham* for appellant.

There was no such separation, setting apart or delivery of the cotton, as would authorize replevin. If the cotton

had been burned or destroyed at the gin the loss would certainly have fallen on Graves. See 16 *Ark.*, 90 ; 33 *Ib.* 830 ; 35 *Ib.*, 169 ; 39 *Ib.*, 442.

If the delivery of any property is accompanied by any act to show that it is qualified it will not become absolute. 106 *Mass.*, 433 ; 111 *Ib.*, 453. See also, 25 *Ark.*, 545 where it was held that the cotton must be weighed with the concurrence and acquiescence of the vendee. Also 19 *Ark.*, 567 *and* 24 *Ib.*, 545.

*J. E. Cravens* for appellee.

This case is clearly distinguishable from *Wade v. Worthington*, 33 *Ark.*, 830 and upon the authority of *Piazzek v. White* (23 *Kans.*, 621) 33 *Am. Reports p.*, 211 and cases cited, the recovery is unquestionably right. See also *Young v. Miles*, 20 *Wis.*, 646.

Smith, J. This was an action of replevin for 900 lbs. of seed cotton. The plaintiff had judgment both in the court of the Justice of the Peace, where the cause originated, and in the Circuit Court on appeal. In the last mentioned tribunal, where the trial was without the intervention of a jury, the ultimate facts were found to be as follows : Plaintiff Cowan had made a crop upon shares with defendant Graves. Before the crop was gathered, plaintiff sold his interest in it to one Long for 900 lbs. of seed cotton to be delivered by Long at a certain gin in the neighborhood. The defendant afterwards assumed to fulfill Long's obligation to deliver the cotton at the gin for the plaintiff, and did haul 1100 lbs. to the gin, 200 lbs. of which he sold to the ginner, leaving 900 lbs. in a stall for plaintiff. This was before the action of replevin was brought.

And the court declared the law to be that the cotton

was sufficiently separated and set apart to be replevied by Cowan.

The motion for a new trial attacked the findings of fact as unsupported by evidence and the declarations of law as unsound. The testimony was conflicting as to the delivery of the cotton to the ginner for Cowan's benefit, and in such cases it is our settled practice to decline to review the findings of facts by the court, where there is evidence to sustain them. And taking the facts so found as conclusive upon us, there was a sufficient delivery, identification and appropriation of the cotton to Cowan's use to base the action upon.

Substantial justice has been done, as it appears and the judgment is affirmed.